UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HOME DESIGN SERVICES, INC.,

        Plaintiff,

vs.                                Case No.  2:06-cv-350-FtM-29DNF

DAVID WEEKLEY HOMES, LLC, RW
WEEKLEY, INC., RANDY BRADEN, WEEKLEY
HOMES, L.P. ALANDA, LTD., DAVID
WEEKLEY, RICHARD WEEKLEY, DM
WEEKLEY,

        Defendants.
_____

## OPNION AND ORDER

    This matter comes before the Court on defendants David Weekley's and Richard Weekley's Motion to Dismiss Plaintiff's First Amended Complaint for Lack of Personal Jurisdiction (Doc. #45) filed on October 31, 2006.  Plaintiff filed a response (Doc. #52) on November 9, 2005.  Also before the Court is defendants Alanda Ltd.'s and O.J. Buigas' Motion to Dismiss First Amended Complaint And, In The Alternative, For More Definite Statement and To Strike Portions Thereof (Doc. #41) filed on October 30, 2006.  Plaintiff filed a response (Doc. #46) on October 31, 2006.

### I.

    Plaintiff's First Amended Complaint and Request for Injunctive Relief Sought (Doc. #40) sets forward the following facts: Plaintiff, a Florida based architecture and design firm, created and owns an architectural work entitled 89-102-2041 ("design" or "2041").  The 2041 was created in or about 1989, and registered

with the United States Copyright Office in November of 2002. The original registration misidentified the original publication date of the design, and hence a correction was filed with the Copyright Office identifying the correct publication date as January 5, 1991. Subsequent to the registration of the design, all thirteen defendants infringed on the copyright.

## II.

Defendants Richard Weekley and David Weekley filed a Motion to Dismiss on the grounds that plaintiff's First Amended Complaint failed to allege any facts establishing personal jurisdiction over them under Florida's long-arm statute, and in the alternative that exercise of personal jurisdiction in this case would violate the U.S. Constitution as neither of them has sufficient minimum contacts with Florida.

Plaintiff must establish a prima facie case of personal jurisdiction over the nonresident defendants. Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1268-69 (11th Cir. 2002). "A prima facie case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict." United States Sec. & Exch. Comm'n v. Carrillo, 115 F.3d 1540, 1542 (11th Cir. 1997)(quoting Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990))(citations omitted). Plaintiff bears "the burden of proving by affidavit the basis upon which jurisdiction may be obtained only if the defendant challenging jurisdiction files affidavits in support of his position." Posner v. Essex Ins. Co., 178 F.3d 1209,

1214 (11th Cir. 1999)(quoting <u>Venetian Salami Co. v. Parthenais</u>, 554 So. 2d 499, 502 (Fla. 1989))(internal quotations omitted).

The applicable legal standards for considering issues of personal jurisdiction have been summarized in <u>Nippon Credit Bank, Ltd. v. Matthews</u>, 291 F.3d 738, 746-48 (11th Cir. 2002), <u>Meier</u>, 288 F.3d at 1269, and <u>D.W. Mercer, Inc. v. Valley Fresh Produce, Inc.</u>, 146 F. Supp. 2d 1274, 1276 (M.D. Fla. 2001), and need not be repeated here.  In brief, the Court first determines whether defendants' activities satisfy the Florida long-arm statute, and if so, whether the extension of jurisdiction comports with the due process requirements of the Fourteenth Amendment of the United States Constitution.  <u>Meier</u>, 288 F.3d at 1269.  Separate determinations must be made as to each defendant.

For purposes of the motion, plaintiff asserts that the Court has specific jurisdiction over defendants under the following portion of the Florida long-arm statute:

> (1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
>
> (a) operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
>
> (b) committing a tortious act within this state.

Fla. Stat. §§ 48.193(1)(a),(b).  (Doc. #52, p. 3.)

The Florida Supreme Court has held that a defendant's physical presence in Florida is not required to commit a tortious act within the state.  Rather, "committing a tortious act in Florida under section 48.193(1)(b) can occur through the nonresident defendant's telephonic, electronic, or written communications into Florida," as long as the cause of action arises from the communications.  <u>Wendt v. Horowitz</u>, 822 So. 2d 1252, 1260 (Fla. 2002).  <u>See also</u> <u>Acquadro v. Bergeron</u>, 851 So. 2d 665 (Fla. 2003).

**A.   Personal Jurisdiction over David Weekley**

The Court will first examine whether it has personal jurisdiction over defendant David Weekley.  The affidavit submitted by David Weekley in support of the Motion to Dismiss provides that he currently resides in Houston, Texas, where he is chairman of Weekley Homes L.P., one of the other named defendants in the instant action.  (Doc. #45-2.)  In his capacity as Chairman, he conducts business in Florida.  However, he holds no assets and has never conducted any personal business within the state.  The affidavit further states that he had no oversight of the Fort Myers architectural design unit of David Weekley Homes.  David Weekley also asserts that he is "protected by the corporate shield doctrine and cannot be haled into a Florida court for simply conducting business within Florida on behalf of his employer." (Doc. #45, p. 7.)

The Florida Supreme Court has ruled that in order to exercise personal jurisdiction over a non-resident defendant, a court must

-4-

first "determine whether the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of our long-arm statute." Doe v. Thompson, 620 So. 2d 1004, 1005 (Fla. 1993).   The First Amended Complaint is devoid of any factual allegations establishing personal jurisdiction over David Weekley.

Further, even if the Court takes into account the admission by Defendant in his affidavit that he does conduct business in Florida, plaintiff has not provided any facts to pierce the corporate veil.   The Corporate Shield Doctrine provides that a corporate officer is not by virtue of his position subject to personal jurisdiction.   The "rationale of the doctrine is the notion that is unfair to force an individual to defend a suit brought against him personally in a forum with which his only relevant contacts are acts performed not for his own benefit but for the benefit of his employers." Id. at 1006 (internal citations omitted.)   The Florida Supreme Court also stated that a non-resident corporate officer is subject to the long arm statute if it is alleged that he personally committed an intentional tort expressly aimed at the plaintiff.   Id. at 1006 n.1.   The Court cannot determine from the First Amended Complaint what specific misconduct is attributed to David Weekley.   Therefore, finding that the plaintiff has not established that David Weekly is subject to Florida's long-arm statute, the Court need not address whether David Weekley has sufficient minimum contacts with Florida to satisfy the Fourteenth Amendment of the U.S. Constitution.

**B.    Personal Jurisdiction over Richard Weekley**

The Court now examines whether it has personal jurisdiction over Richard Weekley.  In support of the Motion to Dismiss, Richard Weekley provided an affidavit which states in relevant part that he is: (1) a shareholder in the corporate entities that are partners in Weekley Homes but he is not involved in the day to day management; (2) does not own any assets in Florida; and (3) is unfamiliar with any facts that gave rise to the instant suit. (Doc. #45-3.)

Upon careful review of the First Amended Complaint and the affidavit, the Court finds no basis for asserting personal jurisdiction over defendant Richard Weekley, as he is neither a resident of Florida, nor has plaintiff alleged any actions by Richard Weekley that would bring him within the reach of Florida's long arm statute.   The mere fact that Richard Weekley is a shareholder in Weekley Homes LP is insufficient to bring him within the reach of Florida's long arm statute, absent sufficient allegations to pierce the corporate veil.  See generally Bellairs v. Mohrmann, 716 So. 2d 320, 322 (Fla. 2d DCA 1998)(under alter-ego theory of long-arm jurisdiction, nonresident shareholder of corporation may be subject to long-arm jurisdiction if the corporate veil can be pierced.)  Therefore, the Motion to Dismiss is due to be granted.

### III.

Defendants Alanda Ltd. and O.J. Buigas' Motion to Dismiss argues that the First Amended Complaint is a "shotgun pleading" and

should be dismissed or in the alternative, plaintiff should be required to file a more definite statement under Fed. R. Civ. P. 12(e).

The failure to articulate claims with sufficient clarity to enable defendants to properly frame a response constitutes a "shotgun pleading." Danow v. Borack, 197 Fed. Appx. 853, 855 (11th Cir. 2006)(internal citations omitted). The Eleventh Circuit has labeled pleadings such as plaintiff's First Amended Complaint "shotgun pleadings" and has noted that such pleadings are time consuming for courts and harmful and costly to litigants. E.g., Byrne v. Nezhat, 261 F.3d 1075, 1129 (11th Cir. 2001). The Eleventh Circuit has made clear that when faced with shotgun pleadings, a district court should require the parties to replead rather than allow such a case to proceed to trial. Id. at 1130. The First Amended Complaint contains only one substantive paragraph, alleging that "defendants infringed said copyright by advertising, designing, constructing and participating in the construction of multiple residences, all of which were copied largely from plaintiff's copyrighted 2041." (Doc. #40, ¶22.) The First Amended Complaint makes no distinction between the conduct of the thirteen defendants. Plaintiff argues that this Court found a similar complaint not to constitute a "shotgun pleading." (Doc. #46, p. 2.) In this case, the Court finds the First Amended Complaint to be deficient as it fails to notify each individual defendant of the actions that led to their joinder to the litigation. Thus, plaintiff's First Amended Complaint (Doc. #40)

constitutes a "shotgun" pleading and is due to be dismissed. Plaintiff shall be allowed the opportunity to file an amended complaint.

Accordingly, it is now

**ORDERED:**

1.   David Weekley's and Richard Weekley's Motion to Dismiss Plaintiff's First Amended Complaint for Lack of Personal Jurisdiction (Doc. #45) is **GRANTED.**

2.   Defendants Alanda Ltd. and O.J. Bugas' Motion to Dismiss First Amended Complaint (Doc. #41) is **GRANTED** as to all Defendants without prejudice.

3.   Defendants David Weekley Homes, LLC, RW Weekley, Inc., DM Weekley, Randy Braden, Weekley Homes, L.P., David Weekly and Howard Baum's Motion For Dismissal and Sanctions Under Fed. R. Civ. P. 11 (Doc. #97) is **DENIED** as moot.

4.   Plaintiff shall file a Second Amended Complaint within **TWENTY (20) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __9th__ day of April, 2007.

_____
JOHN E. STEELE
United States District Judge


Copies:
Counsel of record