```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION


HOME DESIGN SERVICES, INC.,


              Plaintiff,


vs.                                Case No.  2:06-cv-350-FtM-29DNF


DAVID   WEEKLEY   HOMES,   LLC,   RW
WEEKLEY, INC., RANDY BRADEN, WEEKLEY
HOMES, L.P. ALANDA, LTD., DAVID
WEEKLEY,   RICHARD   WEEKLEY,   DM
WEEKLEY,

              Defendants.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on Motions to Dismiss filed by the following defendants: Alanda Ltd. (Doc. #116), Howard Baum, Randy Braden, David Weekley Homes, LLC. Weekley Homes, L.P. (Doc. #117), Cinnamon Design & Development, Inc. (Doc. #120), and Coastland Homes, Inc. (Doc. #126), filed respectively on May 11, 14, 17 and 24, 2007.  Plaintiff filed a response (Doc. #130) on May 30, 2007.

**I.**

Plaintiff's Second Amended Complaint (Doc. #112) sets forth the following facts:  Plaintiff, a Florida based architecture and design firm, created and owns an architectural work entitled 89-102-2041 ("design" or "2041").  The 2041 was created in or about

1989, and registered with the United States Copyright Office in November of 2002. The original registration misidentified the original publication date of the design, and hence a correction was filed with the Copyright Office identifying the correct publication date as January 5, 1991. Subsequent to the registration of the design, all thirteen defendants infringed on the copyright.

## II.

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 127 S. Ct. 2197 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)(citing FED. R. CIV. P. 8). See also Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citations omitted); Erickson v. Pardus, 127 S. Ct. at 2200; Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. at

1964-65 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 1965. Plaintiff must plead enough facts to state a plausible basis for the claim. Id. Dismissal is warranted under FED. R. CIV. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). The Court may consider documents which are central to plaintiff's claim whose authenticity is not challenged, whether the document is physically attached to the complaint or not, without converting the motion into one for summary judgment. Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005); Maxcess, Inc. v. Lucent Techs., Inc., 433 F.3d 1337, 1340 n.3 (11th Cir. 2005).

**II.**

All the defendants' motions to dismiss raise the same issues. Specifically, defendants assert that their motions should be granted on the grounds that plaintiff's Second Amended Complaint (Doc. #112) untimely added defendant Coastland Homes, Inc. and a new claim of copyright infringement based on an additional

copyright registration identified as "November 5, 2002, VA 1-171-195." (Doc. #117, p. 2.) Defendants argue that the deadline to add parties and amend the pleadings has long expired (November 13, 2006) and plaintiff cannot show good cause why such additions should be permitted. (Doc. #116, p. 2-3.)

**A. The Addition of Defendant Coastland Homes**

The Scheduling Order in this case controls the course of action unless modified. Sosa v. Airprint Sys., 133 F.3d 1417, 1418 (11th Cir. 1998). To modify a Scheduling Order, a party must show good cause, and the party must show that despite the party's diligence the deadline could not be met. Id. (citing FED. R. CIV. P. 16). If the court finds that the party lacked due diligence, then the inquiry into good cause is ended. Lord v. Fairway Elec. Corp., 223 F. Supp. 2d 1270, 1277 (M.D. Fla. 2002). The Eleventh Circuit found three factors to consider in assessing diligence: "1) the plaintiff failed to ascertain facts prior to filing the complaint and to acquire information during the discovery period; 2) the information supporting the proposed amendment was available to the plaintiff; and 3) even after acquiring information, the plaintiff delayed in asking for amendment." Id. (citing Sosa v. Airprint Systems, Inc., 133 F.3d at 1418).

The Case Management and Scheduling Order (Doc. #34) entered on September 27, 2006, set a November 13, 2006, deadline to add parties or to amend pleadings. The issue here is whether the

plaintiff lacked due diligence in not adding these parties prior to filing the Second Amended Complaint on April 30, 2007.

Plaintiff concedes that the identity of Coastland Homes was known in October, however, the factual basis to bring suit against them was not developed until April 2007. (Doc. #130, p. 7, 10.) Once a factual basis was developed, plaintiff expeditiously amended the pleadings. (Doc. #130, p. 6.) Plaintiff finally asserts that the delay in adding Coastland Homes is a direct result of defendants' actions and that judicial economy would be served by the addition of Coastland Homes as a defendant. (Id. at p. 10.)

The Court agrees with plaintiff. While the identity of Coastland Homes was indeed known in October 2006, that fact alone was insufficient basis to bring a cause of action against it. FED. R. CIV. P. 11(b)(3) requires that allegations in a complaint "have evidentiary support after a reasonable opportunity for further investigation or discovery." Here, as of November 13, 2006, there is nothing in the record that indicates that plaintiff had the required evidentiary support to add Coastland Homes as a defendant. The Certificates of Interested Parties and Rule 26(a) disclosures filed by various defendants only provide a name and no other information. (Doc. ## 26, 28, 130-3, 130-4.) The factual basis to sue Coastland Homes was only developed after the passing of the November 13, 2006 deadline. Once a factual basis was developed, plaintiff was diligent in adding Coastland Homes. Therefore, the

Court finds good cause to allow the addition of Coastland Homes as a defendant.

The Court notes that while plaintiff asserts that the Court's April 9, 2007 Opinion and Order did not place restrictions on the content of the Second Amended Complaint, that is not correct. The Court's Order only authorized plaintiff to correct the deficiencies in the First Amended Complaint. Plaintiff should have filed a Motion for Leave to Add a Party pursuant to FED. R. CIV. P. 15. The Court will nonetheless allow the addition of Coastland Homes. Having found that plaintiff has satisfied the FED. R. CIV. P. 16 standard, the Court need not address defendants' FED. R. CIV. P. 15 arguments.

The Court recognizes that Coastland Homes is prejudiced by the late addition as the discovery deadline has passed. In order to cure any prejudice to Coastland Homes or any other defendant, the Court shall extend certain deadlines contained in the Court's September 9, 2006, Case Management and Scheduling Order (Doc. #34).

**B.     The Addition of Registration VA 1-171-195**

In the Second Amended Complaint, plaintiff included a copyright registration identified as "November 5, 2002, VA 1-171-195" (hereinafter "New Registration") which had previously never been included in the Complaint (Doc. #1) or the First Amended Complaint (Doc. #40). Defendants assert that the New Registration constitutes a new claim, and is therefore untimely, as the deadline to amend the pleadings expired on November 13, 2006. (Doc. #117,

p. 7.)  Defendants also argue that the addition of the New Registration will unduly prejudice them as they have already concluded most of their discovery, and that the work protected by the New Registration must be submitted to their experts for analysis.  (Doc. #117, p. 10.)

The Court finds that in the interest of judicial economy and in light of the Court's extension of all discovery deadlines, that the New Registration is a proper amendment to the pleadings that will not unduly prejudice the defendants.  Defendants main concern appears to be that the discovery period is about to expire and that they would need additional time to inquire as to the New Registration, including ordering a copy and any related amendments from the Library of Congress.  (Doc. #117, p. 10.)  As discussed earlier the extension of the Case Management and Scheduling Order deadlines will address all of defendants' concerns.  Therefore, defendants' motions to dismiss are denied on this ground.

## IV.

Defendants also assert that the Second Amended Complaint constitutes a shotgun pleading as plaintiff makes no distinction between the two copyright registrations at issue.  (Doc. #117, p. 11.)  Specifically defendants argue that the Second Amended Complaint makes no distinction as to which action infringed which copyright registration.

The Court finds that the Second Amended Complaint complies with FED. R. CIV. P. 8 and 10.  While the better practice is to

plead distinct theories of recovery in separate counts, a party may nonetheless include in a single count multiple theories of recovery, so long as those theories are all premised on the same facts. See e.g. Lamar Adver. of Mobile, Inc. v. City of Lakeland, 980 F. Supp. 1455, 1458 (M.D. Fla. 1997). In the present case, the addition of the New Registration for the pictoral design is simply a different theory of recovery that need not be brought in a separate count. Furthermore, plaintiff as per the Court's April 9, 2007 Order, articulates what each individual defendant did to violate the 2041 copyright. Therefore the motion to dismiss is denied on this ground.

Accordingly, it is now

**ORDERED:**

1. Defendants' Motions to Dismiss (Docs. ##116, 117, 120, 126) are **DENIED.**

2. The following new deadlines shall apply:

| Disclosure of Expert Reports | Plaintiff: September 4, 2007<br>Defendant: October 5, 2007<br>Rebuttal: November 2, 2007 |
| --- | --- |
| Discovery deadline | January 11, 2008 |
| Mediation | January 25, 2008 |
| Dispositive Motions, *Daubert*, *Markman* Motions | February 8, 2008 |
| Meeting to prepare Joint Final Pretrial Statement | May 9, 2008 |
| Joint Final Pretrial Statement | May 15, 2008 |
| All Other Motions | May 12, 2008 |

| Final Pretrial Conference | May 19, 2008, 9:00 A.M. before Judge John E. Steele |
|---|---|
| Trial Term Begins | June 2, 2008 |

**DONE AND ORDERED** at Fort Myers, Florida, this __13th__ day of August, 2007.

_____
JOHN E. STEELE
United States District Judge

Copies:

Counsel of record